DICKSON, Justice,
dissenting.
With our unanimous opinion in Songer v. Civitas Bank, 771 N.E.2d 61 (Ind.2002), this Court comprehensively analyzed one hundred and twenty years of Indiana jurisprudence related to the joining of law and equity claims, concluding:
Recent practice and case law has inclined toward denying a request for trial by jury whenever a complaint joins claims in law and equity on the theory that any claim in equity “draws the whole lawsuit into equity.” We think this narrows the right to trial by jury as guaranteed by the Indiana Constitution.
Id. at 62. Synthesizing and harmonizing past decisions, we carefully crafted the following rule:
If the essential features of a suit as a whole are equitable and the individual causes of action are not distinct or sev-erable, the entitlement to a jury trial is extinguished. The opposite is also true. If a single cause of action in a multi-count complaint is plainly equitable and the other causes of action assert purely legal claims that are sufficiently distinct and severable, Trial Rule 38(A) requires a jury trial on the legal claims.
Id. at 68 (emphasis added).
Today’s majority opinion appears to dilute the teachings of Songer and its cautious respect for the right to jury trial for purely legal claims that are distinct and severable. Instead of focusing simply on whether multiple causes of action are “distinct and severable,” the standard prescribed in Songer, the majority superimposes a further test — whether the legal claims “significantly overlap” with the subject matter of the original equitable claim. In my view, this new test may often foreclose a defendant’s right to a jury trial on distinct and severable legal claims. I prefer that the analysis prescribed by Songer be followed without modification with the result that the defendants should not be deprived of their right to jury trial as to their purely legal claims that are sufficiently distinct and severable from the equitable foreclosure action.
RUCKER, J., concurs.